UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| NICOLE SHORT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:20-CV-115 |
| | ) |
| AVI FOOD SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Nicole Short ("Short"), by counsel, bring this action against Defendant, Avi Food Systems, Inc. ("Defendant"), and shows as follows:

**OVERVIEW**

Short bring this action under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e, et. seq., as amended. Short contends that she was subjected to a hostile work environment because of sex and was retaliated against for engaging in protected activity when she reasonably challenged being treated differently in violation of Title VII.

**PARTIES**

1. Short resides in the Southern District of Indiana. She was employed by Defendant and was, at all times relevant to this matter, an employee as defined by 42 U.S.C. §2000e(f).

2. At all relevant times Defendant was continuously doing business in the state of Indiana in Madison County and is an employer as defined by 42 U.S.C. §2000e(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

4. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing this Complaint within ninety (90) days thereof.

5. As all events pertinent to this lawsuit occurred within the Southern District of Indiana, venue in this Court is proper.

## FACTS

6. Defendant hired Short in or about 2014. Short was a vending attendant assigned to manage machines located at an Arvin Sango location in Madison, Indiana.

7. At all times Short met or exceeded Defendant's expectations of performance.

8. During the course of her employment, Short was subjected to a hostile work environment because of her gender, female. She was subjected to unwelcome comments about her gender and her sexual orientation.

9. Short reported the harassment to Defendant. As the harassment continued, Short filed a charge with the U.S. Equal Employment Opportunity Commission.

10. After filing the charge, Short was treated worse. She was subjected not only to rude and improper comments, but she was subjected to threatening behavior.

11. Defendant suspended Short in late May or early June 2018. The suspension lasted a long time, caused Short to lose wages and vacation pay, and frustrated her efforts to gain unemployment benefits when it appeared she had been terminated.

12. Ultimately, Defendant terminated Short's employment.

13. Short has been harmed by Defendant's misconduct.

## LEGAL CLAIMS

## COUNT I: HOSTILE WORK ENVIRONMENT

14. Short hereby incorporates by reference paragraphs one (1) through thirteen (13) of this Complaint.

15. Short was subjected to a sexually-hostile work environment that materially altered the terms and conditions of her employment.

16. Upon information and belief Defendant failed to take any action to remedy the harassment that Short was suffering as required by Title VII.

17. Short suffered harm as a result of Defendant's unlawful conduct.

## COUNT II: RETALIATION

18. Short hereby incorporates by reference paragraphs one (1) through seventeen (17) of this Complaint.

19. Short complained about what she reasonably believed was a sexually-hostile work environment.

20. Defendant retaliated against Short by suspending her, denying her other wages, and terminating her employment.

21. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Short under Title VII.

22. Short suffered harm as a result of Defendant's unlawful conduct.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Nicole Short, respectfully requests the following:

a) An Order finding Defendant liable for back wages in an amount to make Plaintiff whole;

b) An Order finding Defendant liable for compensatory damages in an amount to make Plaintiff whole;

c) An Order awarding Plaintiff punitive damages as a penalty for Defendant's intentional, unlawful conduct;

d) An Order awarding Plaintiff the costs of this action;

e) An Order awarding Plaintiff her attorneys' fees;

f) An Order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:    (317) 500-0700
Facsimile:    (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues deemed triable.

        Respectfully submitted,

        s/ Christopher S. Wolcott
        Christopher S. Wolcott (#23259-32)
        The Wolcott Law Firm LLC
        450 East 96th Street, Suite 500
        Indianapolis, Indiana 46240
        Telephone: (317) 500-0700
        Facsimile: (317) 732-1196
        E-Mail: indy2buck@hotmail.com

        Attorney for Plaintiff